UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

NAJI SHAGERA AL YAFAI
and BLACK OLIVE GOURMET INC.,

                              Plaintiffs,                COMPLAINT

         -against-                             Case No.:

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                             Defendants.

-------------------------------------------------------------------X

The Plaintiffs, NAJI SHAGERA AL YAFAI and BLACK OLIVE GOURMET INC., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

1. Jurisdiction over this cause of action is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, and Food and Nutrition Service (7 CFR § 279.7).

2. The Plaintiff, NAJI SHAGERA AL YAFAI, resides in the County of Bronx, City and State of New York and submits his Declaration of Plaintiff attached hereto and annexed as part hereof.

3. The Plaintiff, BLACK OLIVE GOURMET INC., is a corporation organized under laws of the State of New York, with its principal place of business located at No. 1318 Jerome Avenue, Bronx, New York 10452, wherein it owns and operates a retail deli/grocery/convenience store.

4.      The Plaintiff, NAJI SHAGERA AL YAFAI, is the sole proprietor of BLACK OLIVE GOURMET INC., in which he has invested his life savings to purchase and renovate this store premises with the installation of new furnishings, fixtures and equipment necessary for the operation of a retail deli/grocery/convenience store.

5.      After establishing this business, under the name of BLACK OLIVE GOURMET INC., in March 14, 2023 the Plaintiffs submitted an application to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as retail owners in the Food Stamp Program/Supplemental Nutrition Assistance Program (SNAP). The Plaintiff's application was approved by the Defendants in May, 2023. Prior to the incidents that gave rise to this proceeding, the Plaintiffs performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program (SNAP) has been exemplary and unblemished.

6.      By letter of charges, February 26, 2026 the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits (SNAP) in exchange for merchandise, which, in addition to eligible foods, include "common non-food items" on one (1) occasion, copy of said letter is annexed hereto as Exhibit "C".

7.      The Defendant's attached a Report of Positive Investigation with Investigative Transaction Reports to said letter indicating that on one (1) occasion during a period of three (3) days, from August 5, 2025 thru August 7, 2025, ineligible items had been sold, and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months, or the imposition of a Civil Money Penalty, if applicable, in lieu of the disqualification, annexed hereto as Exhibit "B".

8. In response to the Defendant's letter of charges, Plaintiffs, through their attorney submitted a reply dated February 26, 2026, refuting the allegations of violations of the SNAP, also stating that should a six (6) month disqualification from SNAP be imposed, the store would suffer economically and would be a hardship to the community and requested an offer of a Civil Money Penalty (CMP) in lieu of the six (6) month SNAP disqualification, copy of said letter is annexed hereto as Exhibit "C".

9. By letter dated March 16, 2026, Denise Thomas, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program (SNAP), issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as result of the violations set forth in the letter of charges and Transaction Reports and refused to offer a Civil Money Penalty in lieu of a six (6) month disqualification from the SNAP, a copy of which is annexed to the Complaint in this action as Exhibit "D".

10. In response to the Defendant's determination, Plaintiffs, through counsel, submitted a reply dated March 16, 2026 and appealed the Retailer Operations Division's determination by requesting an Administrative Review of the Retailer Operations Division's determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months and again requested an offer of a Civil Money Penalty (CMP) in lieu of the six (6) month SNAP disqualification, copy of said letter is annexed hereto as Exhibit "E".

11. The Defendants have now rendered a Final Agency Decision sustaining the decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition

Assistance Program (SNAP) for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic Benefit Transfer Food Benefits as contained in a Final Agency Decision letter signed by David A. Shively, Administrative Review Officer, dated and delivered on June 30, 2026, wherein they refused to offer Plaintiff a Hardship Civil Money Penalty in lieu of a six (6) month period of disqualification, a copy of which is annexed to the Complaint in this action as Exhibit "F".

12.    That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program (SNAP) for a period of six (6) months.

13.    Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review unredacted information in the Defendant's reports and the investigations and documents that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves and be given due process.

14.    This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, to disqualify Plaintiffs from SNAP, in accordance with the provisions of Title 7 United States Code §2023 and CFR §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program (SNAP).

15.     The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges categorically denying each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as described in the letter of charges and Transaction Reports.

16.     The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and without merit for the following reasons:

(a)  The failure of the Defendant's Investigators to obtain a positive identification during the one (1) instance wherein clerk(s) at this owner's store are alleged to have sold the ineligible items and where the Plaintiff denies that such a person as identified in the Transaction Report annexed hereto as Exhibits "A" worked in the store on the dates and times in question.

(b)  The fact that the so-called ineligible item allegedly sold was an inexpensive item, based on and contained in the notations in the Investigative Transaction Reports, annexed hereto as Exhibits "A".

(c)  The redaction in the Investigative Reports and the failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives the Plaintiffs of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(d) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations (SNAP).

(e) The failure to provide timely notice of evidence of violations where the complained acts occurred approximately seven (7) months prior to the letter of charges being delivered to Plaintiffs.

17. In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as an owner participating in the Supplemental Nutrition Assistance Program (SNAP) since 2023.

(b) The sanction of disqualification from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiffs are sustained is excessive and punitive.

(c) That according to Defendant's own records during a period of three (3) days, from August 5, 2025 thru August 7, 2025, and were of negligible value and negligible profit, after three (3) undercover visits to the store.

18. It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

19. Additionally, it is also submitted that the charge of selling common ineligible non-food items as alleged in the Investigation Transaction Reports are incredible and untrustworthy.

20. It is important to note that during none of the visits to the store did the FNS "Investigator" ever videotape or audio record his or her attempt to entrap the employees of this

firm into accepting Supplemental Nutrition Assistance Program (SNAP) Benefits in exchange for merchandise, which, in addition to eligible foods, include a common non-food item or his or her failed attempts to engage in "trafficking" to wit, exchanging SNAP benefits for cash.

21.    It is important to note that it is admitted by the FNS that the Investigator failed in his or her attempt to induce the employee to accept SNAP benefits in exchange for merchandise which included common ineligible non-food items, to wit, one (1) Box of soap pads and one (1) Bottle of dish soap on August 6, 2025 as stated in Exhibit "B" and one (1) Hot cooked cheeseburger on August 7, 2025 as stated in Exhibit "C".

22.    It is also important to note that it is admitted by the FNS that the FNS Investigator failed in the attempt to entrap the clerk in accepting SNAP benefits in exchange for cash on August 7, 2025, as noted in Exhibit "C" when the Investigator "asked the clerk if I could have cash for my EBT benefits", and "The clerk said no." Based on the totality of the evidence, it is clear that that the penalty imposed on this owner is unduly harsh and excessive and the actions of the agency are coercive and unconscionable. In fact, it is clear from the statements in the Investigative Reports, Exhibits "A", "B" and "C" that the FNS Investigator used **excessive pressure and manipulative tactics in their attempt to compel the clerk into committing a violation of the SNAP regulations.**

23.    Where the nature and total cost of the alleged common ineligible non-food items purchased are as follows:

1. On August 5, 2025, one (1) Bottle of "Clorox" Asociancion Mexicana (500 ml) @ $ 3.00 and one (1) Bottle of "Mistolin" All Purpose Cleaner (15 fl oz), no price indicated, , as noted in Exhibit "A".

24.    That where the value of the common non-food items alleged to have been exchanged for SNAP benefits **has been indicated at less than $ 3.00**, it is unconscionable there

can be a determination that SNAP violations occurred and thus this allegation cannot meet the standard of proof, to wit, a preponderance of evidence. Furthermore, it is admitted by the FNS that on one occasion the clerk refused to exchange cash for SNAP benefits, further contradicting the determination of the FNS.

25. Furthermore, it is inconceivable and unreasonable to believe that this owner would jeopardize a solvent and successful business and the source of his livelihood for an unknown but certainly meager sum which would have been earned by the sale of these ineligible items.

26. It is further alleged that the Defendants targeting this particular store and firm with no histor5 of SNAP violations and attempting to entrap these particular employees working as cashiers and/or clerks with limited knowledge of English, who had initially refused to engage in requested violations is patently unethical and prejudicial.

27. That to disqualify this owner for a six (6) months period, merely due to alleged "carelessness and poor supervision", even if it did occur as alleged, will result in irreparable injury and damage to the Plaintiffs if this disqualification is imposed.

28. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and is in violation of the Defendants' own Regulations.

29. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify Plaintiffs from the Supplemental Nutrition Assistance Program SNAP) for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
July 18, 2026

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 2306
New York, New York 10013
(917) 733-7701